STATE of Minnesota, Respondent,

v.

Jerome Thomas KRUSE, Appellant.

No. 51141.

Supreme Court of Minnesota.

Feb. 6, 1981.

**30**

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, Thomas Reif, County Atty., Alexandria, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the fourth degree, Minn.Stat. § 609.345(c) (1978) (use of force or coercion to accomplish sexual contact), and was sentenced by the trial court to a 5-year prison term. Issues raised by defendant on this appeal from judgment of conviction and from an order denying a motion for a new trial are (1) whether the evidence was legally insufficient and (2) whether the trial court erred in admitting certain evidence, in permitting the prosecutor to amend the complaint at the conclusion of the state's case-in-chief, in denying a motion to prohibit cross-examination of defendant about his prior criminal record, and in its instructions to the jury when the jury announced that it was deadlocked. We affirm.

1. It would serve no useful purpose to summarize in detail the evidence against defendant. While Minn.Stat. § 609.347(1) (1978) provides that the testimony of a complainant in a prosecution for criminal sexual conduct need not be corroborated, we have stated that there may be cases where the lack of corroboration will require a holding that the evidence of guilt was insufficient. *State v. Ani*, 257 N.W.2d 699 (Minn.1977) (per curiam). Were it not for the corroboration, this might be such a case. However, there was sufficient corroboration (witnesses observed complainant's bruises and her hysterical mental state shortly after she left defendant's company) to justify reliance on complainant's testimony about forced or coerced sexual contact.

2. Defendant's other allegations of error relate to actions taken by the trial court during the trial.

■ While the trial court may have erred in concluding that the detailed statement by complainant to a sheriff's deputy 7 or 8 hours after the offense was "an excited utterance" under Minn.R.Evid. 803(2), we need not decide the matter because the error, if any, was nonprejudicial, since the details of the complaint, even if not substantively admissible, were admissible to corroborate complainant's testimony. *See State v. Blohm*, 281 N.W.2d 651 (Minn. 1979); *State v. Hesse*, 281 N.W.2d 491 (Minn.1979).

■ Defendant's contention that the trial court erred in denying a motion to prohibit impeachment of defendant with his prior convictions if he testified is meritless. The forgery conviction was automatically admissible under Minn.R.Evid. 609 since it was a conviction directly involving "dishonesty or false statement." The trial court, using the balancing approach approved in our cases—*see, e.g., State v. Leecy*, 294 N.W.2d 280 (Minn.1980)—at the very least had discretion to allow use of the other convictions, for theft, to impeach defendant's credibility.

■ The amendment of the complaint at the close of the state's case-in-chief was a proper one under Minn.R.Crim.P. 17.05. The complaint, as amended earlier, charged defendant with kidnapping and two counts of criminal sexual conduct in the first degree. One of the two—which should have alleged that defendant put complainant in fear of immediate "great bodily harm"—simply alleged that defendant put complainant in fear of immediate "bodily harm." The trial court refused to permit the prosecutor to amend the language but granted a request to change the statutory citation so that the offense charged was third-degree sexual conduct, because the allegation of putting complainant in fear of bodily harm in effect was an allegation of use of force or coercion. Indeed, even if the trial court had not allowed the amendment so that criminal sexual conduct third was charged, the court could have submitted criminal sexual conduct third as a lesser offense of the remaining count of criminal sexual conduct in the first degree (which alleged penetration accomplished by force or coercion and accompanied by infliction of physical injury).

■ The contention that the trial court coerced a verdict is based on the fact that when at 10 p. m. the jury, after deliberating since noon, stated that it was deadlocked, the trial court nonetheless sent it back for a half hour or an hour at most of deliberations. The jury then returned with its verdict at 1:30 a. m. While the trial court might have informed the jury that it had the option of adjourning for the night, the court's instructions were completely neutral, leaving it to the jury to decide whether or not to deliberate further and what verdict to reach, if any. *State v. Packer*, 295 N.W.2d 266 (Minn.1980); *Schultz v. State*, 290 N.W.2d 778 (Minn.1980). In any event, defense counsel did not object to the way the trial court handled the matter.

Affirmed.