AMDAHL, Chief Justice.
 

 This is a sentencing appeal.
 

 Defendant was found guilty by a district court jury of two counts of aggravated robbery, Minn.Stat. §§ 609.245, 609.05, and 609.11 (1980), for his role in two separate armed robberies of dealers in precious metals, one on October 8,1980, and the other on February 7, 1981. Aggravated robbery is a severity level VII offense and defendant had a criminal history score of two points. The presumptive sentence for each offense would have been 41 months but for the fact that under section 609.11 defendant was subject to a mandatory minimum term of imprisonment of 3 years for each offense. This latter fact meant that, under Minnesota Sentencing Guidelines and Commentary, II.E. (1980), the presumptive term for each conviction was 54 months. Under II.F., the trial court is free to impose consecutive terms without providing supporting reasoning. The trial court imposed two terms of 90 months each, with the terms consecutive to each other and to the unexpired part of the previously imposed sentences for the burglary and manslaughter convictions.
 

 This appeal followed, with defendant admitting that consecutive sentencing was proper but arguing that when consecutive sentencing is used, the trial court may not increase the sentences beyond the length obtained by using the approach in II.F. even if aggravating circumstances were present. In short, defendant argues that his sentences should be reduced to 41 months for the first robbery (the term specified in the grid for aggravated robbery if one takes into account defendant’s criminal history score) and 24 months for the second robbery (the term specified in the grid if one does not take defendant’s criminal history score into account). He further argues that, in any event, aggravating circumstances were not present which would justify increasing the term lengths. Finally, he argues that the trial court erred in refusing to allow time spent in jail after arrest and before sentencing as a credit against the 180-month term. The state argues that we should affirm the 180-month term which the trial court imposed and not allow time spent in jail as a credit against that term, only as a credit against the unexpired part of the previously imposed term.
 

 1. Defendant’s basic argument is that if consecutive sentencing is used under II.F. then the trial court cannot use the mandatory term calculated by the method specified in II.E. and cannot depart upward but must use the method of calculation specified in II.F. That is, he argues that if consecutive sentencing is used, then the trial court must determine the length of the term for the first robbery by using the defendant’s criminal history score and finding the appropriate box on the grid and then must determine the length of the term for the other robbery by finding the appropriate box without using the defendant’s criminal history score. If this approach urged by defendant were used, the appropriate sentence would be 65 months, that is, 41 months plus 24 months. Defendant bases this argument of his on the use in II.F.l. and II.F.2. of the phrase “when the sentence for the most severe current conviction is executed according to the guidelines.”
 
 [1]
 
 
 *821
 
 Defendant contends that a sentence for the most severe current conviction is “executed according to the guidelines” only when the presumptive sentence obtained from one of the boxes is used. We agree, however, with the state’s interpretation of the above phraseology, namely, that it means “when the sentence for the most severe current conviction is, according to the guidelines, required to be executed and not stayed.” Further, as the state points out, when II.F. explains the computation method to be used for consecutive sentences, it speaks of the “presumptive duration” of the offenses sentenced consecutively. By negative inference, we conclude that the drafters contemplated that there would be cases in which the term of the consecutive sentence would be other than those specified in the appropriate boxes on the grid.
 

 In this case there is no justification in the record for increasing the presumptive term for the second of the two robberies because the trial court admitted that there was no evidence of injury and we find no evidence in the presentence investigation report or elsewhere in the record that particular cruelty was used in committing the offense.
 
 See
 
 sections II.D.2.b.(2) and II.D. 2.b.(3). As for the first offense, there was evidence that the victims were struck in the head and that they bled as a result. We believe that this constitutes “injury” under II.D.2.b.(3), which lists as an aggravating factor the fact that “The current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured.” Since the first offense involved injury of the victim and since defendant has a prior manslaughter conviction (by definition one in which the victim was injured), this aggravating factor is present in this case.
 

 In summary, we believe that the record does not support departure with respect to the sentence for the second current offense but that departure was justified with respect to the sentence for the first robbery. Thus, the term should be reduced from 180 months (90 plus 90) to 144 months (90 plus 54), which translates into a 12-year term.
 

 2. Defendant’s only other claim is that the trial court erred in refusing to allow him time served in jail as a credit against his sentence for the current offenses.
 

 The state concedes that defendant is entitled to credit but argues that he should receive it as a credit against the unexpired prior term on which parole was revoked, not against the sentence for the current offenses, since the court ordered those sentences to be served consecutively to the prior sentence. The record does not reflect whether defendant was held in jail pending trial pursuant to a revocation of parole or because he failed to post bail on the present charges. If the former, then it would be proper to credit the jail time against the unexpired portion of the prior sentence; if the latter, then the jail time should be credited against the sentence for the current offenses. This is a determination that the Commissioner of Corrections can make.
 

 Affirmed as modified.
 

 [1]
 

 . Section II.F.l. allows consecutive sentencing “When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current
 
 *821
 
 conviction is executed according to the guidelines.”
 

 Section II.F.2. allows consecutive sentencing “When the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence fc* the most severe current conviction is executed according to the guidelines.”