STATE of Minnesota, Respondent,

v.

Mark A. PROFIT, Appellant.

No. 82–605.

Supreme Court of Minnesota.

Aug. 17, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from judgment of conviction which raises only a sentencing issue, namely, the propriety under the Sentencing Guidelines of consecutive sentences of 150 months and 100 months imposed by the district court after defendant pleaded guilty to charges of criminal sexual conduct in the first degree and aggravated robbery based on separate incidents. We affirm as modified.

In 1979, at age 15, defendant was referred for prosecution as an adult, convicted of assault with a dangerous weapon, Minn. Stat. §§ 609.225, subd. 2, and 609.11 (1979), and was sentenced to the prison at St. Cloud. He was paroled on July 20, 1981.

On the evening of September 2, 1981, defendant met a 15-year-old girl at a church. In order to persuade her to accompany him to his apartment, he concocted a story that he had some food in his apartment which was for the church and that he needed help in carrying it. Once at the apartment, defendant picked up a butcher knife, held it to the victim's throat, forced her to undress, and then blindfolded her. According to the victim, he then forced her to submit to what is described in the complaint as "oral and anal sodomy."

Early on September 10, 1981, defendant went to a day care center and gained entry, saying that he wanted to inspect it to see if it was a suitable place for his younger sister. Once inside, he grabbed the woman in charge, put his hand over her mouth and a knife to her throat, and forced her into the bathroom, where he ordered her to give him her rings, including a diamond engagement ring. Defendant then made her get down on the floor, and he got on top of her and tried to kiss her. When the children began making noise, defendant tried to tie the victim with her sweater and her brassiere. Holding a knife on her, he then walked her to the outer door. There he encountered a parent, who was arriving with another child. At this defendant fled.

Defendant was arrested on September 16 and subsequently charged with a number of offenses. One complaint, filed in connection with the incident of September 2, charged defendant with criminal sexual conduct in the first degree. Another complaint, filed in connection with the incident of September 10, charged defendant with aggravated robbery and attempted criminal sexual conduct in the first degree. A third complaint, filed in connection with a different incident occurring on September 11, charged defendant with kidnapping and criminal sexual conduct in the first degree.

Subsequently, defendant reached an agreement with the prosecutor which allowed him to plead guilty to criminal sexual conduct in the first degree in connection with the September 2 incident and to aggravated robbery in connection with the September 10 incident. The state agreed that at sentencing it would dismiss the other remaining charges. The state also agreed that it would take no position at sentencing and would not file charges against defendant in connection with another incident allegedly occurring on July 25, just 5 days after his release from St. Cloud.

Criminal sexual conduct in the first degree is a severity level VIII offense, and aggravated robbery is a severity level VII offense. Defendant's criminal history score at the time of sentencing was two (one

felony point and one custody status point). The presumptive sentence for a severity level VIII offense by one with a criminal history score of two is 65 (60–70) months in prison and the presumptive sentence for a severity level VII offense by one with that criminal history score normally is 41 (38–44) months in prison but is 54 months in the case in which there is a 3-year mandatory minimum term.

Defendant contends that the presumptive sentence in this case is 65 (60–70) months, but he concedes that consecutive sentencing would be justified without making a departure. He argues that the maximum presumptive sentence here in case of consecutive sentencing is 95 months, that is, 70 months for the more serious offense and 25 months for the less serious offense, the 25-month figure being the presumptive sentence for aggravated robbery when the criminal history score of zero is used. *See* section II.F. of the Guidelines. The trial court apparently assumed that the maximum presumptive sentence using consecutive sentencing is 106 months, that is, 65 months for the sex offense plus 41 months for the robbery. If stacking of mandatory minimum terms is permitted, and defendant argues that it is not, then the maximum presumptive sentence is 124 months, that is, 70 plus 54.

The district court imposed consecutive sentences of 150 months for the sex conviction and 100 months for the robbery conviction, making a total of 250 months.

■ We believe that stacking of mandatory minimum terms is permitted and that therefore the maximum permissible sentence without departing in this case is 124 months, that is, 70 plus 54.

We also believe that a durational departure was justified with respect to each offense:

(a) In a number of recent cases we have discussed the issue of when and to what extent departure is justified in sex cases. *State v. Partlow*, 321 N.W.2d 886 (Minn. 1982); *State v. Luna*, 320 N.W.2d 87 (Minn. 1982); and *State v. Martinez*, 319 N.W.2d 699 (Minn.1982). Our general approach is that the legislature, to a great extent, has

taken the vulnerability of the victims of rape and factors such as the use of knives and threats of death into account in distinguishing rape offenses by degree. However, we have also indicated that each case must be considered on its own.

■ In this case the victim was 15 and defendant was 18. The victim's vulnerability was not significantly different from the vulnerability of most rape victims, which the legislature has taken into account in setting the various degrees of criminal sexual conduct. Defendant used a knife, but that presumably was the basis for charging defendant with criminal sexual conduct in the first degree, rather than with criminal sexual conduct in the third degree. However, the fact that defendant tied up the victim and blindfolded her and the fact that he forced her to submit to anal penetration are factors which distinguish this case sufficiently from other rape cases to justify departure from the presumptive sentence.

■ (b) Recently, in *State v. Martinez*, 319 N.W.2d 699 (Minn.1982), we discussed *State v. Erickson*, 313 N.W.2d 16 (Minn. 1981), and the issue of whether and, if so, when the victim-vulnerability exception to the presumptive sentences might be applied when the victim was rendered more vulnerable by the presence of her child. In this case the district court referred to the presence of the children but not to suggest that their presence made the victim more vulnerable. Indeed, if anything, their presence made her less vulnerable because they were making noise and because the arrival of one of them with his parent caused defendant to flee. Rather, the sentencing court's point seems to be that committing the offense in front of the children was a particularly outrageous act and that while the children maybe were not technically victims of the crime, they were victims in another sense. We agree with this, particularly since defendant knew when he went to the center that there would be children present who would witness part of what he planned to do.

In *State v. McClay*, 310 N.W.2d 683, 685 (Minn.1981), we allowed departure because "looking at the overall course of conduct,

the robbery was a more aggravated kind of armed robbery than the typical one, with defendants putting more people in fear, kidnapping one person, and assaulting several others during their escape. That is, the conduct underlying the offense was particularly serious and represented a greater than normal danger to the safety of other people." A similar rationale underlies our conclusion that departure was justified with respect to the presumptive sentence for the robbery which defendant committed on September 10.

In conclusion, because departure was justified with respect to both offenses, the sentencing court was justified in doubling the maximum presumptive sentence with respect to each offense. Therefore, under *State v. Evans*, 311 N.W.2d 481 (Minn.1981), the trial court was justified in imposing a sentence of 140 months for the sex offense and a sentence of 108 months for the robbery, or a total of 248 months in prison.

The sentencing court imposed a sentence of 10 months longer for the sex offense and 8 months shorter for the robbery, making a total sentence of 250 months, 2 months longer than allowed. We could remand for resentencing but, given the trial court's clearly stated intent, we simply modify the trial court's sentence to the 248 months allowed by the Guidelines.

Affirmed as modified.