STATE of Minnesota, Respondent,

v.

Allan Roy DESCHAMPE, Appellant.

No. C9–82–1247.

Supreme Court of Minnesota.

April 8, 1983.

Robert E. Lucas, County Public Defender, Duluth, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Richard Swanson, County Atty., Grand Marais, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal raising two issues: whether there were aggravating circumstances justifying a durational departure of less than two times the presumptive sentence and whether the trial court erred in refusing to give defendant credit for nights spent in jail as a condition of his release while awaiting trial.

At 4 a.m. on Sunday, December 20, 1981, the defendant, who was drunk, knocked on the door of a van parked near the Grand Portage Monument in Grand Portage, which is several miles from the Canadian border. Falsely claiming that he was ill and needed help, defendant persuaded the occupants, a young woman and two young men, to open the door. He then pointed a .22-caliber rifle at them and ordered them out of the van. Defendant then ordered them to drive him to nearby Highway 61, where he got out with the woman and ordered the men to drive on. Defendant then began marching the woman, who was required to wear a stocking cap over her face, through the woods.

After awhile they reached an unoccupied cabin or shack. On the porch defendant made the woman remove her clothes from the waist down, and he penetrated her vagi-na first with his finger, then with his penis. After about 45 minutes defendant allowed the victim to get dressed and began marching her along the trail until they reached his own cabin. At this cabin defendant forced the victim to undress and then forced her to submit to numerous and different kinds of sexual penetration (finger penetration of vagina, fellatio, and sexual intercourse). Defendant eventually fell asleep. When he awoke he forced the victim to submit to sexual intercourse again. Finally, he let the victim, who was still wearing the stocking cap, get dressed. He then walked her to Highway 61, where he left her. She was able to flag down a driver, who drove her to United States Customs at Pigeon River port of entry.

Defendant was subsequently charged with three counts of assault in the second degree (one count per victim), three counts of kidnapping (one count per victim), and two counts of criminal sexual conduct in the first degree. Because the evidence (scientific and otherwise) against defendant was overwhelming, defendant's attorney persuaded defendant to accept a plea negotiation which allowed defendant to enter straight pleas to one count of kidnapping and one count of criminal sexual conduct in the first degree, both for acts committed against the victim.

Defendant, who was 24 at the time, had a criminal history score of zero. Criminal sexual conduct in the first degree, the more serious of the two offenses, is a severity level VIII offense. Normally, the presumptive sentence for a severity level VIII offense by a person with a criminal history score of zero is 43 (41–45) months in prison with sentence executed. However, in this case the 3-year minimum term provision of Minn.Stat. § 609.11, subd. 5 (1982), applied. This meant that the presumptive sentence would be 54 months under Minnesota Sentencing Guidelines and Commentary, II.E. (1982).

Defendant was sent to St. Peter for a presentence sexual-offender examination. The report from St. Peter indicated that defendant was not an appropriate candidate

**20**

for treatment in the St. Peter program. The prosecutor, feeling that he had impliedly promised not to make any recommendation as to sentence, remained mute at the sentencing hearing when the court, on its own motion, indicated that it was thinking of increasing defendant's sentence length. In sentencing defendant to a 70-month term rather than the presumptive 54-month term, the trial court stated:

> The court feels that this departure upwards is appropriate under the circumstances by reason of the fact that the victim was at the time of the offense 16 years of age and was particularly vulnerable to the offenses committed by you on her person and by reason of the fact that there were two additional victims.

After the trial court imposed sentence, defense counsel moved for credit for the time defendant was in custody. The facts relating to this are as follows. Defendant was arrested and spent 18 days in jail (December 20 to January 7). He then was released on bond and placed under supervision and ordered not to leave the jurisdiction of the court. Defendant violated this condition by going to Canada a couple times in the course of his employment, and the court changed the terms of his release, requiring that defendant spend the nights (from 7 p.m. until 7 a.m.) in jail. Defendant was released on these terms from February 18 to April 26, when he pleaded guilty. When he pleaded guilty, his bond was cancelled or revoked and he was kept in jail from that point up until sentencing. Defense counsel asked at the time of sentencing for credit for time spent in jail before he was released on bond and for the days he was required to spend the nights in jail. The trial court denied the motion and apparently gave defendant credit only for time in jail from the time of entry of the plea to the date of sentencing. This appeal followed.

1. The first issue is whether the durational departure was justified.

■ We disagree with the trial court's conclusion that the victim was particularly vulnerable due to her age. *See State v. Profit,* 323 N.W.2d 34 (Minn.1982) (vulnerability of 15-year-old girl was not significantly different from vulnerability of most rape victims, which the legislature has taken into account in setting the various degrees of criminal sexual conduct).

The other factor relied upon by the trial court was that the victim's companions were also victims of defendant's conduct. The effect of this factor is not clear from our prior decisions. *Compare State v. Profit,* 323 N.W.2d 34 (Minn.1982), *with State v. Brusven,* 327 N.W.2d 591 (Minn.1982). We see no need to decide this issue in this case because it is clear that under our prior cases there is an alternative rationale for upholding the departure, namely, defendant committed the offense in question in a particularly cruel way.

The victim was awakened and kidnapped in the middle of the night. She was made to walk blindfolded through a wooded area. She was in constant fear for her life. She was subjected to multiple and various kinds of sexual penetration. The acts occurred over a period of about 6 hours. Defendant called the victim a slut and other degrading names. These facts compel the conclusion that defendant committed the offense against the victim in a particularly cruel way. *See, e.g., Davis v. State,* 324 N.W.2d 802 (Minn.1982); *State v. Profit,* 323 N.W.2d 34 (Minn.1982).

■ 2. The second issue is the jail-credit issue. The state impliedly admits that defendant is entitled to credit for the time spent in jail before he was released on bond. *See State v. Bentley,* 329 N.W.2d 39 (Minn. 1983); Minnesota Sentencing Guidelines and Commentary, III.C. (1982). The issue of whether defendant is entitled to any credit for the days he was required to spend the nights in jail is apparently not answered by prior decisions of this court. We conclude that although defendant is not entitled to full credit for the days he was required to spend the nights in jail, he should be given credit for the number of hours that he was required to actually spend in jail each day (12 hours).

Affirmed as modified.