**STATE of Minnesota, Respondent,**

v.

**Wilfred James HINES, Appellant.**

**No. C7–83–1788.**

Court of Appeals of Minnesota.

Feb. 8, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Ste-

ven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Edward Wilson, Neighborhood Justice Center, St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

Wilfred Hines appeals the lower court's upward departure from the presumed sentences under the Minnesota Sentencing Guidelines. Hines was charged with simple robbery of an occupied dwelling, theft, and two counts of receiving stolen property. He pled not guilty and a trial was held. The jury found him guilty on all counts. Before sentencing, the trial judge notified both Hines and the state that he was considering departing from the presumptive sentences. The judge departed upward on both the burglary and robbery convictions, imposed the presumed sentence for the first count of receiving stolen property, and did not sentence for the second receiving stolen property count because it arose from the same course of conduct as the first count.

## FACTS

On the night of May 3, 1983, Hines entered Marie A. Stoll's home through an unlocked window of her house. Mrs. Stoll is 92 years old. She was asleep in bed. Hines shined his flashlight on her. She awoke. Hines told Mrs. Stoll that he was a policeman and that he needed money. To get money from her purse, he took Mrs. Stoll into another room. He also told her he had a gun, but Mrs. Stoll didn't see it. Noticing her diamond ring, Hines grabbed Mrs. Stoll's hand and demanded she remove it. Mrs. Stoll had trouble removing the ring and Hines told her that, if he had to, he would cut off her finger to get the ring. The ring came off. Hines told Mrs. Stoll to cash her Social Security check and have the money for him when he returned at 10:00 a.m. the next day. Hines told Mrs. Stoll that if she called the police, he would kill her.

On May 4, 1983, Hines sold the one-carat diamond ring to Christianson Gem Co. for $600. The owner informed the police. Later in the day, Hines called Christianson Gem to pick up the setting. Hines was arrested when he picked up the setting.

A complaint charged Hines with the following offenses:

Count one: Simple robbery under Minn. Stat. § 609.24 for taking a ring and money and threatening imminent use of force to compel acquiescence in the taking;

Count two: Burglary of an occupied dwelling under Minn.Stat. § 609.58, subd. 2(2), for entering a dwelling with the intent to commit robbery;

Count three: Theft under Minn.Stat. § 609.52, subd. 2(1) and subd. 3(1), for taking money and a ring valued at more than $2,500;

Count four: Receiving stolen property under Minn.Stat. § 609.53, subd. 1(1), for possessing a ring obtained by robbery with a value of $1,000 or more and knowing that the ring was obtained by robbery; and

Count five: Receiving stolen property under Minn.Stat. § 609.53, subd. 1(1), for transferring a ring obtained by robbery with a value of $1,000 or more and knowing that the ring was obtained by robbery.

The jury convicted Hines of each charge. At the conclusion of the presentence interrogation, the trial judge wrote to Hines and to the attorneys to tell them that he was considering a departure from the presumptive sentences. The probation department did not recommend a departure.

The trial judge did depart in sentencing for the robbery and the burglary of an occupied dwelling. Hines' presumptive

sentence for the robbery, count one, was 46 months; for the burglary, count two, 54 months. The judge doubled the robbery sentence and added 38 months to the burglary sentence, making both sentences 92 months.

No sentence was imposed for count three, theft, because it arose from the same course of conduct as counts one and two. Hines was sentenced to a term of 65 months for count four, receiving stolen property. No sentence was imposed for count five, receiving stolen property, because it arose from the same course of conduct as count four. All of the sentences are to run concurrently.

## ISSUE

Did the trial court abuse its discretion in departing from the guidelines?

## ANALYSIS

■ The Minnesota Sentencing Guidelines provide presumptive sentences based on the severity of the offense and the offender's criminal history. Judges have discretion to give a harsher sentence if they find substantial and compelling aggravating circumstances in a particular case. *State v. Garcia,* 302 N.W.2d 643 (Minn. 1981). The Guidelines have a non-exclusive list of aggravating factors which includes:

(1) The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity, which was known or should have been known to the offender.

(2) The victim was treated with particular cruelty for which the individual offender should be held responsible.

Minnesota Sentencing Guidelines and Commentary, II.D.2.d. (1983).

■ The trial judge gave four reasons for aggravating the sentences: the victim's vulnerability because of age, the unnecessary cruelty of Hines' threats, the commission of the crimes in the victim's home, and because Hines committed the crimes while awaiting sentencing on other charges. Although not always necessary, it would be helpful if judges would examine each departure separately, because reasons to depart on one crime may not be available for another crime.

■ The fact that the defendant was awaiting sentencing on other crimes is not a reason to depart. The convictions were already factored into the calculation of Hines' criminal history score. The use of those same convictions as a ground for departure would, in effect, be counting a single conviction twice and "that is contrary to the spirit and intent of the Guidelines." *State v. Erickson,* 313 N.W.2d 16, 18 (Minn.1981).

1. Robbery

■ Simple robbery is defined as:

Whoever, knowing he is not entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both.

Minn.Stat. § 609.24 (1982). Considering the victim's advanced age, the gratuitous cruelty of his threats, and Hines' breach of the victim's privacy, the upward departure from 46 months to 92 months was proper.

Mrs. Stoll was 92 years old and Hines must have known he was dealing with a frail woman of greatly advanced age from the moment he shined his flashlight on her.

Even though he knew he was dealing with a frail, elderly woman, Hines terrorized her with threats of death and the cutting off of her finger. Considering the state of the victim, such threats were pure-

ly gratuitous, cruel, and psychologically brutal. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981) (psychological terror an aggravating factor).

Hines also breached the victim's "zone of privacy" by committing the robbery in her own home. He awakened her in her bedroom in the dead of night by shining a flashlight in her eyes. The situation is analogous to rape in a home situation. *State v. Van Gorden,* 326 N.W.2d 633, 635 (Minn.1982); *State v. Morales,* 324 N.W.2d 374, 377 (Minn.1982). Not only does Mrs. Stoll have to deal psychologically with the fact that she was brutally robbed, but, equally important, her home is no longer the island of security which she had relied upon. This psychological damage to a woman of her age is as devastating, if not more, than physical abuse. What confidence can she have of security anywhere, if not in her own bedroom? The court clearly had reason to depart on the robbery charge and did not abuse its discretion.

## 2. Burglary of an Occupied Dwelling.

The same reasons for justifying departure in the robbery are not, however, reasons to depart for the burglary. Burglary of an occupied dwelling is defined as:

> Whoever enters a building without the consent of the person in lawful possession, or whoever enters a building by using artifice, trick, or misrepresentation to obtain consent to enter from the person in lawful possession, with intent to commit a crime in it, or whoever remains within a building without the consent of the person in lawful authority, with intent to commit a crime in it, commits burglary and may be sentenced as follows:

> .     .     .     .     .

> (2) To imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both, if the building entered is a dwelling and another person not an accomplice is present in it.

Minn.Stat. § 609.58, subd. 2(2) (1982). This statute was enacted by the legislature in response to its belief that those burglarizing homes were not getting harsh enough sentences under the guidelines. The statute carries a substantially higher penalty than normal burglaries. It is, in a sense, a departure enacted by the legislature.

■ The trial court cannot take an element of the offense and make it a reason for departure. *State v. Gardner,* 328 N.W.2d 159 (Minn.1983); *State v. Hagen,* 317 N.W.2d 701 (Minn.1982). Entering an occupied dwelling such as a home is an essential element of the offense. The court cannot use the fact that Hines confronted Mrs. Stoll in her own home as an aggravating factor.

■ By definition, the burglary is complete upon entering the dwelling with intent to commit a crime. When Hines entered, he did not know Mrs. Stoll's age and had made no threats. Circumstances happening after completion of the crime may not be used as aggravating factors. It has already been taken into account by statute.

■ The error, however, is harmless. The sentences run concurrently. Hines will serve the 92 months for his robbery conviction whether the burglary sentence is aggravated or not.

## DECISION

The trial court justifiably departed on the robbery conviction. The defendant terrorized a frail 92-year old lady, in her own home, with cruel threats to cut off her finger and kill her.

The court was not justified in departing for the burglary of an occupied dwelling conviction. The error, however, was harmless since the defendant will serve the same amount of time whether or not the court departs on the burglary sentence.

**Affirmed.**

FOLEY, J. took no part in the consideration or decision of this case.