**STATE of Minnesota, Respondent,**

v.

**Oudom SAHARATH, Appellant.**

**No. C9–84–1155.**

Court of Appeals of Minnesota.

Sept. 25, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Harris Darling, Nobles County Atty., Worthington, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Oudom Saharath pleaded guilty to assault in the first degree in violation of Minn.Stat. § 609.221 (1982). He was sentenced to 60 months in prison, a 17 month upward departure from the presumptive sentence of 43 months. We affirm, but modify the sentence to conform to the Sentencing Guidelines.

## FACTS

Explaining his plea, appellant, a 41-year-old Laotian refugee, stated he was employed at the Campbell's Soup Company in Worthington, Minnesota. He had a fight with a 65-year-old Vietamese employee named Tran Quam Van at work and was dismissed from his job.

The following night at about 3:30 a.m., appellant took a friend home from the Campbell's factory. As he was leaving, appellant met Tran Quam Van, who lived in the same apartment building as appellant's friend. They fought again. After exchanging blows, appellant picked up a piece of metal about one foot long and hit Van in the head. As Van raised his arm to protect himself, appellant then struck him in the hand. This resulted in extensive bleeding, eventually requiring surgery. His injury was described by his doctor as permanent.

Appellant was charged with attempted murder in the first degree, assault in the first degree and assault in the second degree. Pursuant to a plea agreement, appellant pleaded guilty to assault in the first degree. The other charges were dropped. No agreement as to sentencing was made.

The trial court departed from the presumptive 43 month prison sentence and sentenced appellant to 60 months. The court's reasons were (1) the victim sustained severe and permanent physical injury, (2) the victim was particularly vulnerable because of his age, and (3) the assault occurred in the victim's home late at night. The State requested double the presumptive sentence, but the court cited the following mitigating reasons for not doubling the sentence: (1) cultural differences, i.e. different "appropriate" actions and speech; (2) no prior convictions; (3) appellant's service in the armed forces of his country; (4) appellant's service as a United States advisor in the advisory forces in Laos; (5) appellant's capture and incarceration by the Communists; (6) appellant's forced Communist re-education plan and program.

## ISSUES

1. Did the trial court abuse its discretion in failing to dispositionally depart from the guidelines?

2. Was the trial court's upward durational departure justified by substantial and compelling reasons?

## ANALYSIS

1. The list of reasons the trial court gave for not doubling appellant's sentence, which appellant cites in support of a dispositional departure, does not show any abuse of discretion by the trial court. *See State v. Sherwood*, 341 N.W.2d 574 (Minn. Ct.App.1983).

■ 2. The trial court has discretion to depart from the presumptive sentence under the guidelines if the offense involves "substantial and compelling circumstances." *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). Substantial and compelling circumstances must be different from a typical case. *State v. Peterson,* 329 N.W.2d 58, 60 (Minn.1983); *see State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984).

Appellant was convicted of assault in the first degree under Minn.Stat. § 609.221 (1982), which provides:

Whoever assaults another and inflicts great bodily harm may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both.

*Id.* Great bodily harm is defined as:

[B]odily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or

impairment of the function of any bodily member or organ or other serious bodily harm.

*Id.* § 609.02, subd. 8.

 (a) The trial court referred to the severe and permanent injury of the victim in its reasons for departing upwards. Particular cruelty is a valid factor for departure purposes, Minnesota Sentencing Guidelines II.D.2.b.(2); *see State v. Hamilton,* 348 N.W.2d 112, 115 (Minn.Ct.App. 1984), but cannot be used when part of the charge leading to the conviction. *See State v. Gardner,* 328 N.W.2d 159, 162 (Minn. 1983); *State v. Winchell,* 352 N.W.2d 447 at 450 (Minn.Ct.App.1984). The facts of this case are not substantially beyond the acts of a "typical" assault in the first degree. The injury suffered by the victim, while tragic, was necessarily a prerequisite element to a charge of assault in the first degree. *See State v. Rogers,* 347 N.W.2d 551, 552–53 (Minn.Ct.App.1984).

(b) The trial court also referred to the advanced age of the victim in justifying its departure. The vulnerability due to age factor as justifying a departure refers to vulnerability that is "exploited in order to commit a criminal act." *Winchell,* 352 N.W.2d at 451. The age of the elderly victim in this matter had little connection with the crime. Appellant and the victim fought earlier, and the victim had expressed willingness to fight appellant at any time.

(c) The third reason cited by the trial court was that the assault occurred in the victim's home (actually it was the hallway of the apartment building). In *Winchell,* we noted this factor is typically associated with sexual offenses. *Id.,* at 452. Our conclusion in *Winchell,* which involved an aggravated robbery, was that:

> While the zone of privacy of the victims justified attention, the evidence does not support a finding that it constituted a compelling circumstance for departure.

*Id.,* at 452. Similarly we do not believe this factor constitutes sufficient compelling circumstances to depart in this case.

## DECISION

The trial court did not abuse its discretion in refusing to dispositionally depart. The trial court, however, lacked substantial and compelling reasons to depart from the presumptive durational sentence. Therefore, appellant's sentence must be reduced from 60 to 43 months.

Affirmed as modified.