**STATE of Minnesota, Respondent,**

v.

**Richard Neal O'BRIEN, Appellant.**

No. C5–84–973.

Court of Appeals of Minnesota.

April 2, 1985.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, St. Paul, Michael Milligan, Cass Co. Atty., Walker, for respondent.

C. Paul Jones, State Public Defender, Heidi Crissey, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, HUSPENI, LESLIE, NIEREN-GARTEN, RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Appellant Richard O'Brien was convicted of criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.-342(e)(i) (Supp.1983) and criminal sexual conduct in the third degree in violation of Minn.Stat. § 609.344(b) (Supp.1983). On appeal he contests the double durational departure from the presumptive sentence and the adjudication of guilt with respect to the criminal sexual conduct in the third degree conviction. We modify the sentence to comply with the Sentencing Guidelines, and vacate the conviction for criminal sexual conduct in the third degree.

## FACTS

Complainant is a 14 year old girl who skipped school on November 7, 1983, and went to the home of O'Brien's sister, Michelle (complainant had lived with the O'Briens during September and October of 1983 and knew defendant). At the O'Brien home complainant and several friends watched television, listened to music and danced. Complainant drank about four or five glasses of beer.

According to the complainant, around 11:00 p.m., as she was getting ready for bed, O'Brien, age 21, pulled complainant into his bedroom, forcibly removed her jeans and underpants, and forcibly engaged in sexual intercourse. He also struck her a couple of times, causing a bruise on complainant's arm and shoulder and a bloody nose.

O'Brien denied taking off complainant's clothes or engaging in sex with her, claiming she entered his room and began taking off her jeans. According to O'Brien, his girl friend then knocked on the bedroom door, he slapped complainant, and then left the house.

The jury convicted O'Brien of criminal sexual conduct in the first degree and in the third degree. He was subsequently sentenced to 130 months in prison, representing a double departure from the presumptive sentence of 65 months based on a severity level VIII offense and a criminal history score of two. No sentence was imposed for the criminal sexual conduct in the third degree conviction.

## ISSUES

1. Did substantial and compelling circumstances exist to justify a double durational departure?

2. Should O'Brien's conviction for third degree criminal sexual conduct be vacated because it involved the same act as the conviction for criminal sexual conduct in the first degree?

## ANALYSIS

### I.

The trial court may depart from a presumptive sentence if the offense in-

volves substantial and compelling circumstances. *State v. Garcia,* 302 N.W.2d 643 (Minn.1981); Minn.Sentencing Guidelines II.D. In deciding whether to depart durationally the sentencing court looks at whether "the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Cox,* 343 N.W.2d 641, 643 (Minn.1984). Departure from the presumptive sentence should be reserved for those offenses which, because of any of a number of factors listed in the guidelines, are *significantly* worse than the "typical" offense. *Id.* at 643.

First degree criminal sexual conduct is a serious crime and those convicted of it should be sentenced accordingly. The guidelines themselves, however, take the seriousness of the offense into account. Appellant was convicted of criminal sexual conduct in the first degree under Minn. Stat. § 609.342(e)(i) (Supp.1983). The elements of that offense are (1) penetration, (2) personal injury to the victim, and (3) penetration accomplished through force or coercion. Personal injury and penetration through forceful coercion are built into the statute itself and thus cannot be used as reasons to depart. *State v. Profit,* 323 N.W.2d 34, 36 (Minn.1982). Examination of the facts reveals that appellant's conduct is not outside the norm contemplated by the acts which justify conviction and a presumptive sentence under Minn.Stat. § 609.342(e)(i).

The sentencing court referred to three reasons to support its departure: the vulnerability of the victim due to age, the vulnerability of the victim due to her reduced capacity as a result of alcohol consumption, and the fact that the offense occurred in an area of assumed safety. After examining other cases under the sentencing guidelines which discuss similar reasons for departure, we are convinced the facts involved in this rape, when compared to the circumstances of other rapes, do not warrant departure.

The sentencing court found that the victim was particularly vulnerable due to her age and her alcohol consumption. She was two months short of her fifteenth birthday and had consumed four or five glasses of beer. There was no evidence that she was incapacitated or even impaired because of her alcohol consumption. The Minnesota Supreme Court has stated that "[t]he legislature, to a great extent, has considered the vulnerability of the victims of rapes in determining the seriousness to attach to rape offenses in general and in distinguishing rape offenses by degree." *State v. Martinez,* 319 N.W.2d 699, 700 (Minn.1982). In cases where vulnerability due to age and/or reduced capacity was a factor in a sentencing departure, 15 years is not considered significantly young. *See, e.g., State v. Norton,* 328 N.W.2d 142 (Minn. 1982) (age 5 years); *State v. Partlow,* 321 N.W.2d 886 (Minn.1982) (age 34 months); *State v. Johnson,* 327 N.W.2d 580 (Minn. 1982) (age of 12 year old victim cannot be used as aggravating factor where threshold age is 13).

In *State v. Partlow,* the supreme court found that the penetration of a two year old victim who had been left in the defendant's care, and who the defendant afterward left unattended and bleeding, warranted a double departure. The departure was based partly upon the age of the victim, as was the more than double departure in *State v. Norton* (5 year old victim abducted from her front yard). In *State v. Profit,* the supreme court found that a 15 year old victim was not particularly vulnerable, "not significantly different from the vulnerability of most rape victims." 323 N.W.2d at 36. And in *State v. Deschampe,* 332 N.W.2d 18 (Minn.1983), the court found that a 16 year old victim was not particularly vulnerable. As these cases show, exceptional vulnerability due to age should only be found in those cases where the victim was *so* young as to be especially at risk. The victim here was not significantly more vulnerable than most rape victims.

Cases in which the supreme court has upheld a double durational departure have been limited to those in which the circumstances surrounding the crime have been

outrageous and more compelling than in this case. In *State v. Martinez* the victim had been held captive in her home at knifepoint for over two hours, terrorized, and subjected to multiple penetrations. The supreme court permitted only a double departure. In *State v. Deschampe,* the supreme court upheld a departure of less than double when the victim was a 16 year old girl who had been assaulted at knifepoint, abducted and forced to walk blindfolded through a wooded area, and raped many times before being released in the woods.

◼ The final aggravating factor the trial court found to justify the upward departure was that the rape occurred in an area complainant assumed to be safe. Injury to a person in his or her "zone of privacy," his or her home, may be a factor justifying departure. *State v. Morales,* 324 N.W.2d 374 (Minn.1982). The facts here, however, were in marked contrast with those in cases where the factor has been found sufficiently compelling to warrant a double departure. *See State v. Morales, Id., State v. Van Gorden,* 326 N.W.2d 633 (Minn. 1982); *State v. Hines,* 343 N.W.2d 869 (Minn.App.1984). O'Brien did not intrude into complainant's "island of security" to commit the offense. He lived there and she was a visitor. Nor did the location in which the crime was committed enlarge the already immense invasion of privacy inherent in a rape offense. The facts do not support a finding that the "zone of privacy" factor constituted a compelling circumstance for departure.

The trial court also referred to O'Brien's prior conviction for assault in the third degree, in which a person was injured. Under Minn.Sentencing Guidelines II.D.2.b.(3), this is an aggravating factor which may be used by the trial court in departing from the sentence. Alone, however, this factor does not warrant a double departure.

The victim in this case has suffered. That is not a factor justifying a double sentencing departure, however, since the same is true for all victims of first degree criminal sexual conduct. The offense appellant committed here was not more seri-ous than the typical first degree criminal sexual conduct and does not warrant departure.

## II

◼ O'Brien claims that his conviction for third degree criminal sexual conduct should be vacated because it involved the same act as his conviction for criminal sexual conduct in the first degree. Minn.Stat. § 609.344(b) states that a person is guilty of criminal sexual conduct in the third degree if he engages in sexual penetration with another person and "the complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant."

We agree with O'Brien that this convic-tion must be vacated pursuant to Minn. Stat. § 609.04 (1982). "Under section 609.-04, a defendant cannot be convicted twice for the same offense against the same victim on the basis of the same act." *State v. Goodridge,* 352 N.W.2d 384 (Minn. July 13, 1984). Here, O'Brien participated in a single act of sexual penetration against one complainant. Accordingly, his conviction under § 609.344(b) must be vacated. *See, State v. LaTourelle,* 343 N.W.2d 277 (Minn. January 20, 1984).

## DECISION

Defendant's offense did not involve substantial and compelling circumstances justifying a double departure from the presumptive sentence under Minn.Sentencing Guidelines. Defendant's sentence must be reduced to 70 months, which is the maximum sentence permitted for this offense by a person with defendant's criminal history score without departure.

Defendant's conviction for criminal sexual conduct in the third degree must be vacated because he cannot be convicted twice for the same offense against the same victim on the basis of the same act.

Affirmed with the sentence modified, and vacated in part.

NIERENGARTEN, Judge, dissenting.

I respectfully dissent from the majority's reversal of the double durational departure from the presumptive sentence.

In imposing its sentence, the sentencing court referred specifically to the following three reasons to support its departure: 1) the vulnerability of the victim due to age; 2) the vulnerability of the victim due to the reduction of her capacity because of the beer furnished to her; and 3) the fact that the incident occurred in an area of assumed safety, i.e., zone of privacy. The trial court also referred to O'Brien's prior felony conviction for an offense in which the victim was injured.

The facts of this case support the trial court's determination that the complainant here was especially vulnerable because of her age and O'Brien used her youthfulness to his advantage. "The vulnerability due to age factor as justifying a departure refers to vulnerability that is 'exploited in order to commit a criminal act.'" *State v. Saharath*, 355 N.W.2d 312, 314 (Minn.Ct. App.1984). The trial court saw the victim, heard her testimony and was in the best position to judge whether her youth was unfairly exploited.

The cases cited by the majority do not hold that, as a matter of law, a 14 year old rape victim is not particularly vulnerable. The victim's age in this case was properly considered. *State v. Johnson*, 327 N.W.2d 580 (Minn.1982), cited by the majority for the proposition that the age of a 12 year old victim cannot be used as an aggravating factor where the threshold is 13, is not applicable to the facts of this case. In *Johnson*, the age of the victim was an element of the crime and, therefore, not a factor which could be used for departure. In the present case, however, the victim's age is not an element for conviction. *See* Minn.Stat. § 609.342(e)(i) (Supp.1983).

Minnesota Sentencing Guidelines II.D. 2(b)(1) indicates that the victim's vulnerability due to "reduced physical or mental capacity, which was known or should have been known to the offender" is an aggravating factor. Knowing that complainant had drunk four to five glasses of beer and was therefore vulnerable due to reduced capacity is the aggravating factor under the guidelines. Nothing requires a victim to be incapacitated as the majority implies. There is a basis for concluding that the consumption of alcohol was a substantial factor in defendant's accomplishing sexual penetration. *See State v. Gardner*, 328 N.W.2d 159, 162 (Minn.1983).

The trial court properly concluded that the rape occurred in an area complainant assumed to be safe (zone of privacy). The zone of privacy is not limited to the victim's own home.

Complainant had lived in the home for about two months and had only moved out a couple weeks earlier. She was staying in the same bedroom as O'Brien's sister, a friend of hers for over six years. The O'Brien home was obviously considered a safe and secure place for complainant although understandably she may no longer regard that home as "the island of security that she perhaps thought it was." *State v. Van Gorden*, 326 N.W.2d 633, 635 (Minn. 1982).

The trial court also referred to O'Brien's prior conviction for assault in the third degree, in which a person was injured. Under Minnesota Sentencing Guidelines II.D. 2.b.(3), this is an aggravating factor which may be used by the trial court in departing from the sentence. Although this factor alone may not support a doubling of the presumptive sentence, it does warrant a departure. *See State v. Lindsey*, 314 N.W.2d 823 (Minn.1982).

This court may have acted otherwise had it been sitting as a sentencing court. As a reviewing court, however, we are loath to interfere in the absence of an abuse of the discretion granted in departing * * * from the guidelines.

*State v. Case*, 350 N.W.2d 473, 476 (Minn. Ct.App.1984). We should be wary of substituting our own view of the facts for that of the trial court in upward departures. *See State v. Winchell*, 363 N.W.2d 747 (Minn., March 1, 1985) (reversing our deter-

mination that durational departure was not justified by substantial and compelling circumstances). Since the trial court was experienced and thoroughly familiar with the sentencing guidelines, his determination that the circumstances justified a departure should not be disturbed.

POPOVICH, Chief Judge, concurring.

I concur with the view of Judge NIERENGARTEN.

HUSPENI, Judge, concurring.

I concur with the view of Judge NIERENGARTEN.