STATE of Minnesota, Respondent,

v.

Richard Neal O'BRIEN, Appellant.

No. C5–84–973.

Supreme Court of Minnesota.

June 21, 1985.

C. Paul Jones, Public Defender, Heidi Crissey, Asst., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Asst., St. Paul, Michael Milligan, Cass County Atty., Walker, for respondent.

**AMDAHL, Chief Justice.**

The state has petitioned for review of the decision of the Court of Appeals in *State v. O'Brien*, 364 N.W.2d 901 (Minn.App.1985). The Court of Appeals (a) reduced the sentence of defendant for criminal sexual conduct in the first degree on the ground that the trial court did not have grounds to depart durationally and (b) vacated defend-ant's conviction of the included offense of criminal sexual conduct in the third degree pursuant to Minn.Stat. § 609.04 (1984). We grant the petition, affirm the vacation of defendant's conviction of criminal sexual conduct in the third degree, but reinstate the sentence which the trial court imposed upon defendant for criminal sexual conduct in the first degree.

The victim, a 14-year-old girl, was a friend of defendant's sister and was staying with her in her mother's house. Defendant, then 21, was also staying at the house. On the evening of November 7, 1983, defendant played a drinking game with the victim and others. The victim drank 4 or 5 glasses of beer. After the others left, defendant grabbed the victim, pulled her into his bedroom and raped her. Defendant physically abused the victim during the attack, causing her to bleed from her nose and mouth. After the act of intercourse, which was painful to her, the victim ran next door and obtained help.

Defendant was found guilty of criminal sexual conduct in the first degree pursuant to Minn.Stat. § 609.342(e)(i) (forced penetration accompanied by personal injury), and criminal sexual conduct in the third degree, Minn.Stat. § 609.344(b) (penetration of complainant who is at least 13 but less than 16 by one who is more than 24 months older than complainant). The presumptive sentence for criminal sexual conduct in the first degree (a Class VIII offense) by a person with defendant's criminal history score (two) is an executed term of 65 (60–70) months in prison. The trial court doubled the presumptive sentence, imposing a term of 130 months in prison, and adjudged defendant guilty of both criminal sexual conduct in the first degree and criminal sexual conduct in the third degree.

The Court of Appeals reduced defendant's sentence to 70 months, the maximum sentence permitted without departing from the presumptive sentence, and vacated the conviction of criminal sexual conduct in the third degree. The Court of Appeals was clearly correct in vacating the convic-

tion of criminal sexual conduct in the third degree. However, we believe that it erred in reducing defendant's sentence.

■ The Court of Appeals stated that after analyzing the various facts it could not conclude that defendant committed the offense in a particularly serious way. We do not agree, but even if this were true, the departure would still be justified. The departure was permissible because defendant was convicted of an offense in which the victim was injured and he has a prior felony conviction for an offense in which the victim was injured. Minnesota Sentencing Guidelines and Commentary II.D.2.b(3) (1984) (it is an aggravating factor if "[t]he current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured"); *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985); *State v. Williams*, 337 N.W.2d 689, 691 (Minn.1983); *State v. Lindsey*, 314 N.W.2d 823, 825 (Minn.1982). The evidence established that the victim was injured in this case. Defendant's prior conviction was for assault in the third degree (infliction of substantial bodily harm); not only does the record indicate that the offense was based on evidence that defendant injured his girl friend but that offense by definition is one involving personal injury to the victim. The Court of Appeals' conclusion that this factor is not itself sufficient to justify a double durational departure is incorrect.

■ We also believe, in any event, that the record supports the trial court's determination that defendant committed the offense in a particularly serious way. The victim was only 14 years old; defendant was 21 years old. An age difference of 7 years when the victim is only 14 and the defendant 21 is more significant than it would be if the victim were an adult. *Cf. State v. Kisch*, 346 N.W.2d 130, 133 (Minn. 1984) (after stating that "[a]n age difference of 5 years when juveniles are involved is a significant age difference," we concluded that the youth of the victim could be considered in determining whether the defendant committed the offense in that case

in a particularly serious way). While the victim may not have been particularly vulnerble due to age in any absolute sense and while a 14 year old generally is probably no more vulnerable to a forcible rape than an 18 year old, we believe that defendant took advantage of the victim's situation. It is also relevant that as a result of defendant's conduct, the victim suffered severe emotional distress. The presentence investigation report indicates that following the assault, the victim developed a "potentially dangerous shame-based reaction to the incident," made a suicide gesture that consisted of slitting her wrist, cut her hair in a weird manner, refused to return to the high school where she had been making satisfactory progress and began taking nonprescription medication. She moved to Minneapolis to live with her uncle's family but still cried a lot, felt ashamed and was unable to accept supportive counseling. The ordinary and foreseeable consequences of a rape may be considered in determining whether to depart. *See Ture v. State*, 353 N.W.2d 518, 522 (Minn.1984) (durational departure upheld in part because "as a result of the incident, the victim, who later discovered she was pregnant, had to go through her entire pregnancy without knowing for sure whether the biological father of the unborn child was defendant or her boyfriend").

Affirmed as modified.