STATE of Minnesota, Respondent,

v.

Albert James PEAKE, Appellant.

No. C5–84–1282.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Review Granted Dec. 20, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Alan L. Mitchell, St. Louis County Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from a district court order denying appellant's petition for post conviction relief which challenged the durational sentence departure and sought modification of sentence under the November 1983 Guidelines change. We affirm and modify the sentence.

## FACTS

Appellant pleaded guilty to second degree murder; death resulting from committing the felony of assault in the first degree.

Appellant admitted arguing with his girlfriend, grabbing her around the neck in an arm lock and holding her in that position until she stopped struggling and died. He was originally charged with murder in the second degree, intentional homicide, but was permitted to plead to the amended charge of unintentional homicide while committing assault in the first degree, also designated as murder in the second degree.

Appellant was on parole for first degree manslaughter for killing another woman, which gave him a criminal history score of two. The presumptive sentence for the present offense is 162 months based on a criminal history score of two. The trial court sentenced appellant to 180 months, a nine month upward durational departure.

On November 1, 1983, the sentencing guidelines were modified and second de-

gree felony murder was reclassified from a severity level X to a severity level IX offense. As a consequence the presumptive sentence applicable to appellant was changed from 162 months to a maximum of 130 months.

## ISSUES

1. Does the record establish aggravating factors justifying the sentencing court's upward durational departure?

2. Is appellant entitled to be resentenced according to the November 1, 1983 Guidelines changes?

## ANALYSIS

 The sentencing court stated as its reasons for departure that in the present offense the victim died, and appellant's prior felony conviction resulted in a victim's death. Since death is an element of the offenses for which appellant was convicted, it may not be used again as an aggravating factor. *State v. Wall,* 343 N.W.2d 22 (Minn.1984).

The guidelines do not weigh the seriousness of prior felonies. As far as the criminal history score is concerned auto theft and manslaughter are identical. Although this fact appears especially unjust in this case, the problem is one for the legislature.

There are no aggravating factors which are recognized by the guidelines and appellant is entitled to the presumptive sentence.

Since the November 1, 1983 reclassification was intended to apply retroactively, appellant is entitled to receive the reduced duration for felony murder. *State v. Cromey,* 348 N.W.2d 759 (Minn.1984); *State v. Jackson,* 346 N.W.2d 634 (Minn. 1984); Minn.Stat. § 244.09, subd. 11 (Supp. 1983), as amended by Laws of Minnesota 1983, ch. 274, § 10.

## DECISION

Appellant's sentence is reduced to 130 months, the maximum presumptive sentence for felony murder in the second degree. Affirmed as modified.