STATE of Minnesota, Respondent,

v.

Albert James PEAKE, Appellant.

No. C5-84-1282.

Supreme Court of Minnesota.

April 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan D. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for appellant.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for respondent.

YETKA, Justice.

Albert James Peake pled guilty to murder in the second degree. Peake's criminal history score was two; the severity level of the offense was X. His presumptive sentence under the Minnesota Sentencing Guidelines was 153 to 171 months. The prosecution moved for an aggravation of the presumptive sentence to 240 months. The St. Louis County District Court partially granted the request by sentencing Peake to 180 months in prison. Peake appealed to the court of appeals, which reduced his sentence to 130 months. 355 N.W.2d 498. It refused to depart from the presumptive sentence under the guidelines and retroactively applied a reclassification of second-degree felony murder from a severity level X to a severity level IX offense. The prosecution now appeals to this court. We reverse the court of appeals and reinstate the 180-month sentence imposed by the trial court.

In February of 1983, Albert Peake and Bernadette Brigan, his girl friend, spent most of the evening together, during which Peake drank heavily. At some point, Brigan brought up the subject of an old girl friend of Peake's for whom Brigan cared little. An argument ensued, followed by blood-letting rage. Peake grabbed Brigan by the throat and throttled her until she was blue and motionless.

When he realized he had murdered Brigan, Peake thought first of committing suicide, but could not. Instead, he went to a bar not far from Brigan's apartment and called the police, telling them to meet him there. He took the officers to the apartment and, in a statement taken later, confessed to the killing.

Several years before he murdered Brigan, Peake had, likewise in a drunken rage, murdered a woman who had been his girl friend. For this offense, he was convicted of first-degree manslaughter.

The trial court justified its durational departure for Peake's current conviction because:

A. The current conviction was for an offense in which the victim was injured and died;

B. The Petitioner had been previously convicted for an offense in which the victim was injured and died.

In its memorandum, the trial court explained that "the interests of justice and

the rights of the public mandated that the Petitioner spend a minimum of ten years in custody, and thus the 180 month sentence was imposed." Examining the reclassification of second-degree felony murder, the trial court refused to lower the sentence since it represented less than a 50 percent upward durational departure even under the new classification.

The issues raised on appeal are:

1. Were there substantial and compelling circumstances to justify an upward departure from the presumptive sentence under the guidelines?

2. Was Peake entitled to a retroactive reduction of his presumptive sentence?

■ The Minnesota Sentencing Guidelines provide presumptive sentences for crimes based on the offender's criminal history score and the seriousness of the offense. The presumptive sentence will be applied in most cases. However, the trial court has discretion to depart from the presumptive sentence when the offense involves "substantial and compelling circumstances." *State v. Garcia,* 302 N.W.2d 643 (Minn.1981). Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case. *State v. Back,* 341 N.W.2d 273, 276 (Minn.1983).

■ The guidelines list a number of aggravating factors, although the list is not exclusive. Minnesota Sentencing Guidelines and Commentary II.D.201, comment (1984). Generally, a defendant's criminal history cannot be used as a reason for departure since that history is part of the determination of the presumptive sentence. *State v. Gross,* 332 N.W.2d 167, 169 (Minn.1983). The guidelines do allow aggravation, however, when "[t]he current conviction is for an offense in which the victim was injured and there is a prior felony conviction for an offense in which the victim was injured." Minnesota Sentencing Guidelines and Commentary II.D. 2.b.3 (1984).

The respondent contends that past violence cannot be used as an aggravating factor in this case because violence was a necessary element to Peake's past manslaughter conviction and the present murder charge. Since his past conviction is part of his criminal history and was already used to establish his criminal history score in determining his presumptive sentence, its use as an aggravating factor would be double penalization. Use of past injury to a victim would then be limited to violence used in crimes where violence is not an element of the crime.

■ This court has already rejected that analysis. In *State v. Lindsey,* 314 N.W.2d 823 (Minn.1982), this court upheld the use of section II.D.2.b.3 in the case of a defendant convicted of aggravated robbery who had a previous manslaughter conviction. "Since the first offense involved injury of the victim and since defendant has a prior manslaughter conviction (by definition one in which the victim was injured), this aggravating factor is present in this case." *Id.* at 825. The guidelines recognize the unfairness of treating all felonies the same in determining criminal history. The persistent car thief is not as dangerous to society as the "repeat" murderer. Thus, where past crimes are violent and the present crime a continuation of the violence, departure is permissible under the guidelines.

■ Since departure from the guidelines is permissible, retroactive application of the reclassification is irrelevant. The trial court considered the sentence in light of the reclassification of second-degree felony murder and determined that departure was still warranted and that the sentence would stand. Even with the reclassification, the defendant's sentence was less than a 50 percent departure from the presumptive sentence. The reclassification applied to the presumptive sentence, not the departure. The trial court did not abuse its discretion by not lowering the sentence.

The court of appeals is reversed. The 180-month sentence imposed by the trial court is reinstated and affirmed.