**STATE of Minnesota, Respondent,**

v.

**William Louis LARSON, Appellant.**

**No. C8–85–704.**

Court of Appeals of Minnesota.

Dec. 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., Marcy S. Crain, Asst. Co. Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant William Louis Larson appeals from the sentence imposed for his conviction for first degree criminal sexual conduct. He contends that the trial court considered improper aggravating factors in departing upward from the presumptive sentence under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

Appellant was convicted on November 29, 1984, by an Anoka County District Court jury of first degree criminal sexual conduct, third degree criminal sexual conduct, and incest, Minn.Stat. §§ 609.-342(e)(ii), 609.344(d), and 609.365 (1984 & Supp.1985). The victim was appellant's 19-year-old mentally handicapped daughter. Appellant had previously been convicted for incest with this same daughter four years before.

At sentencing, the trial court vacated the lesser included third degree criminal sexual conduct conviction. Appellant was adjudicated guilty of first degree criminal sexual conduct and incest. The trial court sentenced only on the first degree criminal sexual conduct conviction. Appellant was sentenced to 105 months, which the trial court described as "deviating upward * * * one and a half times * * * I'm looking at 70 months and adding another 35 months to that."

## ISSUE

Were there substantial and compelling circumstances to justify an upward depar-

ture from the presumptive sentence under the guidelines?

## ANALYSIS

[T]he general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question. *Ture v. State*, 353 N.W.2d 518, 522 (Minn. 1984) (*quoting State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984)).

The Minnesota Sentencing Guidelines provide presumptive sentences for crimes based on the offender's criminal history score and the seriousness of the offense. The presumptive sentence will be applied in most cases. However, the trial court has discretion to depart from the presumptive sentence when the offense involves "substantial and compelling circumstances." *State v. Garcia*, 302 N.W.2d 643 (Minn.1981). Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case. *State v. Back*, 341 N.W.2d 273, 276 (Minn.1983). *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985).

Appellant was convicted under Minn. Stat. § 609.342(e)(ii) (Supp.1985) which provides:

A person is guilty of criminal sexual conduct in the first degree * * * if he engages in sexual penetration with another person and if

\* \* \* \* \* \*

(e) The actor causes personal injury to the complainant, and

\* \* \* \* \* \*

(ii) The actor knows or has reason to know that the complainant is mentally defective, mentally incapacitated, or physically helpless * * *.

At the time of sentencing, appellant had a criminal history score of 2. First degree criminal sexual conduct is a severity level VIII offense. The presumptive sentence

for that offense by a person with a criminal history score of 2 is an executed term of 65 (60–70) months in prison. The trial court imposed a sentence of 105 months, which represents an upward departure of 35 months, or one and one-half times the most severe presumptive sentence under the guidelines. The trial court gave four reasons for the upward departure:

1. The prior conviction included personal injury (pregnancy).
2. That personal injury was to the same victim as this offense.
3. Defendant was in a position of authority in the father-daughter relationship.
4. The resultant pregnancy in this offense caused the victim to have an abortion.

 Appellant contends that these reasons are not factors that justify a departure from the presumptive sentence under the guidelines. We hold the trial court considered permissible factors.

 The guidelines include a non-exclusive list of permissible aggravating factors. Minnesota Sentencing Guidelines and Commentary II.D.201 (1985). Upward departure is allowed where:

[t]he current conviction is for an offense in which the victim is injured and there is a prior felony conviction for an offense in which the victim was injured.

*Id.* at II.D.2.b.(3). This factor alone may be sufficient to justify an upward durational departure. *Peake*, 366 N.W.2d at 301; *State v. Williams*, 337 N.W.2d 689, 691 (Minn.1983); *State v. Lindsey*, 314 N.W.2d 823, 825 (Minn.1982). This is so because repeated crimes against persons pose a greater threat to society than repeated property crimes. *Peake*, 366 N.W.2d at 301.

Here appellant was sentenced on his conviction for first degree criminal sexual conduct. The victim (his daughter C.L.), became pregnant. Pregnancy is included in the relevant statutory definition of "personal injury." Minn.Stat. § 609.341, subd. 8 (Supp.1985). Larson had a prior convic-

tion for incest with the same victim. The victim of that crime (C.L.) was pregnant in 1980 with his child. The trial court properly determined that a permissible aggravating factor existed.

■ The other factors cited by the trial court lend further support to the sentence imposed. It is significant that appellant, after being convicted of incest, again victimized the same daughter. A sentencing court can look at defendant's course of conduct in considering departure. *State v. Hamilton*, 348 N.W.2d 112, 114 (Minn.Ct. App.1984), *pet. for rev. denied*, (Minn. July 26, 1984). Vulnerability of a victim may also warrant consideration for departure. *State v. Schmit*, 329 N.W.2d 56 (Minn. 1983) (assailant murdered wife who trusted him enough to fall asleep in his presence; assailant shot her in her sleep).

The totality of the record supports the trial court's consideration of aggravating factors and the imposition of an upward departure from the presumptive sentence.

### DECISION

There were substantial and compelling circumstances that justified an upward durational departure under the Minnesota Sentencing Guidelines.

Affirmed.