**STATE of Minnesota, Respondent,**

v.

**Donald Stephen BUTENHOFF, Appellant.**

**No. CX-86-939.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 22, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ. with oral argument waived.

**620**

## MEMORANDUM OPINION

LANSING, Judge.

Donald Butenhoff pled guilty to the August 1984 burglary of 76–year–old Catharina Postema's Roseville home.[1] Butenhoff and an accomplice, Douglas Herrick, entered the home at approximately 1:00 a.m. by prying open a side door with a crowbar. Butenhoff told Herrick that he needed money and that Postema was old, hard of hearing, and her house would be easy to burglarize.

Postema, awakened by the noise of the forced entry, got up to investigate. Butenhoff struck her in the head with the crowbar and fled. Postema was hospitalized and treated for a skull fracture and severe eye injury. The eye injury required three operations, including a cornea transplant that was unsuccessful. Postema has permanently lost sight in the injured eye, which may have to be removed. The blow also left a permanent scar on her forehead. Because of strain to her remaining eye, she has abandoned the craft work that had been her main activity. She has also moved from her home to live with her son.

Burglary in the first degree is a severity level VII offense. Butenhoff had a criminal history score of 2. The combination results in a presumptive sentencing range of 38–44 months. The trial judge sentenced Butenhoff to 48 months, a four-month upward departure and the maximum sentence permitted under the plea agreement. The court found that the departure was justified on the basis of vulnerability of the victim.

Butenhoff contends that because the trial court did not specifically state why the victim was particularly vulnerable, this reason is insufficient to support the upward departure. Butenhoff also contends that the trial court abused its discretion in denying his request for a downward departure.

If reasons supporting a sentencing departure are stated by the sentencing judge, a reviewing court examines the record to determine if the reasons given justify the departure. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). The trial court specified the victim's vulnerability as the basis for the four-month upward departure. *See* Minn. Sentencing Guidelines and Commentary II.D.2.b(1). The sentencing record abundantly supports the trial court's evaluation that Catharina Postema was particularly vulnerable. Not only were her age and hearing impairment known to Butenhoff, but he chose her home for the burglary because of these vulnerabilities.

A reviewing court may also consider other bases for departure not expressly stated by the trial judge if the stated reasons are insufficient. Because the victim's vulnerability is sufficient to support the departure, we do not examine the other bases for departure also present in this offense.[2]

## DECISION

We affirm the trial court's upward durational departure. The trial court did not abuse its discretion in declining to grant a downward durational departure.

Affirmed.

---

1. As part of a plea agreement, Butenhoff also pled guilty to an unrelated third-degree assault. In exchange for the guilty pleas to these two offenses, the county attorney dismissed four other charges arising out of the same incidents. The county also agreed that the maximum sentence to be imposed on the burglary would be 48 months and the maximum sentence on the assault would be a concurrent 21 months.

2. Excessive and gratuitous cruelty, *see State v. Van Gorden,* 326 N.W.2d 633 (Minn.1982) (eye injury to elderly victim); invasion of the home when it is not an element of the offense, *see State v. Pierson,* 368 N.W.2d 427 (Minn.Ct.App. 1985); and two offenses involving personal injury, *see State v. Peake,* 366 N.W.2d 299 (Minn. 1985).