*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0188**

State of Minnesota,
Respondent,

vs.

Basil Benna Dudley,
Appellant.

**Filed September 29, 2014
Affirmed
Larkin, Judge**

Ramsey County District Court
File No. 62-CR-13-1482

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his sentence for first-degree criminal sexual conduct, arguing that the district court abused its discretion by failing to properly consider his motion for a downward dispositional departure. We affirm.

## FACTS

Respondent State of Minnesota charged appellant Basil Benna Dudley with three counts of first-degree criminal sexual conduct after a 12-year-old girl told police that Dudley had been sexually assaulting her on a monthly basis for about three years and the Minnesota Bureau of Criminal Apprehension matched Dudley's DNA with DNA taken from semen found on the girl's sheets. Dudley agreed to plead guilty to one count of first-degree criminal sexual conduct in return for the state's dismissal of the other two counts. The parties agreed that sentencing would be left to the district court's discretion. Dudley pleaded guilty and moved for a downward dispositional departure.

At sentencing, the district court stated that it had received and reviewed a presentence-investigation report and Dudley's motion for a dispositional departure. The district court heard arguments regarding the motion from Dudley's attorney and the state. Next, Dudley provided a statement to the district court.

After Dudley spoke, the district court stated that "these kinds of cases . . . are probably some of the most difficult cases that we deal with . . . [b]ecause none of us can have any understanding . . . of how someone like yourself could do what you did to a little girl." The district court continued, "And I struggle every day to understand how

2

someone could make a decision, and you made a conscious decision to do what you did. And because of how horrific these kinds of cases are, our law requires a significant period of time in prison."

The district court addressed Dudley's motion for a dispositional departure as follows:

> [W]hat I have to look at is whether your case is any different than all the other cases like this that appear in front of courts. And you said that you think that you're doing more than any other individual has done. And I, unfortunately for you, don't think that that's true. . . . [Y]ou could have already been in treatment and have done significant steps towards treatment and you didn't. . . . And from my standpoint, the cases where I would even consider a dispositional departure are situations where somebody, first of all, is taking responsibility.
>
> Now, yes, you took responsibility by pleading guilty. But you do not understand the severity of what you did. . . . There is no excuse, there are no excuses like, she was mad at me because I was trying to be a father figure to her. There's no excuse like, you know, she was sitting on other people's laps in seductive ways. Okay? A nine-year-old girl is not seductive.

The district court concluded, "I don't believe that there are any substantial and compelling reasons to not send you to prison," and sentenced Dudley to serve 144 months in prison. This appeal follows.

## DECISION

### I.

A district court may depart from the presumptive sentence under the sentencing guidelines only if "substantial and compelling" circumstances warrant such a departure.

3

Minn. Sent. Guidelines II.D (2008). "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). Whether to depart from the guidelines rests within the district court's discretion, and this court will not reverse the decision "absent a clear abuse of that discretion." *State v. Oberg*, 627 N.W.2d 721, 724 (Minn. App. 2001), *review denied* (Minn. Aug. 22, 2001). Only in a "rare" case will a reviewing court reverse a district court's imposition of the presumptive sentence. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Dudley argues that "the district court abused its discretion when it considered its distaste for offenses like [his] and its unhappiness to determine whether substantial and compelling reasons existed to grant [his] requested dispositional departure." Dudley asserts that "this case should be remanded to the district court for a new sentencing hearing for reconsideration of the departure question" because the district court "analyzed the request for a departure without consideration of the *Trog* factors when the court denied the dispositional departure motion." In *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982), the supreme court stated that "a defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence," and enumerated several factors "relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting."

But courts are not required to discuss all of the *Trog* factors before imposing the presumptive sentence. *See State v. Pegel*, 795 N.W.2d 251, 254 (Minn. App. 2011)

4

(rejecting appellant's argument that the district court failed to discuss all of the *Trog* factors and observing that "there is no requirement that the district court must do so"); *see also State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985) ("[A]n explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence.").

Dudley nonetheless argues that "the [district] court was required to deliberately compare the reasons supporting a departure with the reasons against departure," and he suggests that it was improper for the district court "to focus its decision on the court's own inability to understand why someone could offend in such a manner and the court's distaste for cases such as [his]." But a "reviewing court may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *Van Ruler*, 378 N.W.2d at 80-81.

We are satisfied that the district court carefully evaluated all of the information that was presented regarding the departure motion, which consisted of the presentence-investigation report, the parties' oral arguments, and Dudley's statement. Dudley did not present any other information to support his motion. The district court noted that Dudley had failed to start treatment and did not understand the severity of his offense. And, the district court explained that it had to "look at . . . whether [Dudley's] case is any different than all the other cases like this that appear in front of courts," indicating that the district court evaluated the information under the correct standard. *See Peake*, 366 N.W.2d at 301 ("Substantial and compelling circumstances are those circumstances that make the

5

facts of a particular case different from a typical case."). The district court ultimately concluded there were no substantial and compelling reasons to support a departure.

On appeal, Dudley argues he was 44 years old when the offense occurred, he "regretted what he did," he "was sorry for his actions," he was cooperative in court, he was "a fine neighbor," he was willing to go to treatment but lacked funding, and that his prior criminal convictions are for misdemeanor-level offenses. Those are not substantial and compelling circumstances, and this is not a rare case in which we would reverse the imposition of a guidelines sentence. *See Kindem*, 313 N.W.2d at 7. We hold that the district court properly exercised its discretion when ruling on Dudley's motion for a dispositional departure.

## II.

In his pro se brief, Dudley argues that he "pled 'guilty' under false circumstances." Specifically, he asserts that he "was misled to believe that [he] would be pleading to a lesser charge of Second (2nd) degree [criminal sexual conduct]," and that he "was told by [his] attorney that [he] would be granted a downward departure upon [his] plea of 'guilty' in which [he] would receive no more than one (1) year in the workhouse, and no less than a sentence of probation." He also asserts that he is "innocent of any and all charges against [him]."

Dudley does not cite legal authority or offer legal argument in support of his assertions. "Assignment of error based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." *State v. Ouellette*, 740 N.W.2d 355, 361 (Minn. App. 2007) (quotation omitted); *see also State v.*

*Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (stating that claims in a pro se supplemental brief are waived if the brief contains no argument or citation to legal authority supporting the claims). As to obvious error, at the plea hearing, Dudley's attorney asked, "And you understand what you're pleading guilty to is criminal sexual conduct in the first degree, count 2; isn't that right?" Dudley responded, "Yes, sir." The district court asked Dudley if he understood that his attorney would ask the court to depart from the guidelines—or "to not send [him] to prison"—but if the court did not grant the dispositional departure, he would not be allowed to withdraw his guilty plea. Dudley responded, "Yes, ma'am." In addition, Dudley's signed petition to plead guilty states, "I now make no claim that I am innocent." Because the record belies Dudley's assertions, we discern no obvious prejudicial error. *See State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010) (concluding that because the record established that a defendant understood the direct consequences of his guilty plea, the plea was intelligent).

Dudley also asserts that his "attorney was very negligent and incompetent to handle and defend this instant case." "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984). And "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068. Dudley makes a number of allegations regarding his attorney's performance.

But he does not establish that his attorney's performance fell below an objective standard of reasonableness.

In sum, we have considered Dudley's pro se arguments and conclude that none provides a basis for relief. *See Ture v. State*, 681 N.W.2d 9, 20 (Minn. 2004) (rejecting pro se arguments without detailing consideration of each argument).

**Affirmed.**