*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1889**

State of Minnesota,
Respondent,

vs.

Ammanuel Ray Jones,
Appellant

**Filed August 8, 2016
Affirmed
Worke, Judge**

Fillmore County District Court
File No. 23-CR-14-361

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brett A. Corson, Fillmore County Attorney, Preston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and

Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his conviction of first-degree criminal sexual conduct, arguing that the district court failed to waive the requirement for a psychosexual evaluation and abused its discretion by denying appellant a downward dispositional departure. We affirm.

## FACTS

On May 9, 2014, appellant Ammanuel Ray Jones was living with his then-fiancée whose nieces and nephews were visiting for the night. The children had friends spending the night with them, including 11-year-old S.L.B. While S.L.B. slept on the couch in the living room, Jones lay on the floor next to the couch, put his hands in S.L.B.'s pants, and penetrated her vagina with his finger. Jones was charged with first- and second-degree criminal sexual conduct.

In October 2014, Jones was charged with third-degree criminal sexual conduct—victim mentally impaired/helpless. This matter involved a different victim. At a pretrial hearing, Jones's attorney indicated that the parties were attempting to settle both matters because the two separate criminal-sexual-conduct cases presented the potential of Jones receiving mandatory lifetime conditional release.[†]

On June 22, 2015, Jones pleaded guilty to first-degree criminal sexual conduct—victim under 13 years of age, penetration—in violation of Minn. Stat. § 609.342, subd.

---

[†] *See State v. Nodes*, 863 N.W.2d 77 (Minn. 2015) (holding that "the first of two convictions entered at same hearing, but arising from separate behavioral incidents, was a 'prior sex offense conviction,' subjecting [the] defendant to lifetime conditional release").

2

1(a) (2012). Jones entered a *Norgaard* plea‡, claiming that he was intoxicated at the time of the offense and did not know what he was doing. The state agreed to dismiss the remaining charge in the complaint and the criminal-sexual-conduct charge from October 2014. The only agreement regarding sentencing was that Jones was not subject to an aggravated sentence. After the guilty plea was accepted, Jones's attorney requested that the district court "require" a psychosexual evaluation be completed as part of the presentence investigation (PSI) because court services is generally unwilling to do one when the presumptive sentence is a prison sentence. The district court agreed to order the evaluation.

On August 12, 2015, the PSI was completed. It noted that, despite acknowledging his "significant addiction to alcohol," Jones had not done a chemical-dependency evaluation. Additionally, while Jones reported interest in inpatient care for his alcohol abuse, there was no indication that he had been accepted into a program. The PSI indicated that (1) Jones was not particularly amenable to probation, (2) there were no compelling or substantial circumstances distinguishing Jones from other offenders, (3) Jones should not be considered for a downward departure, and (4) Jones presented a high risk for recidivism. It was recommended that Jones receive the presumptive sentence of 144 months in prison. Court services did not complete a psychosexual

---

‡ "A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and [he] reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009).

evaluation. The PSI noted that Jones would be offered a psychosexual evaluation and sex-offender treatment while incarcerated.

At the sentencing hearing, Jones's attorney requested a continuance in order for Jones to complete a psychosexual evaluation because it might show that Jones is suitable for a downward dispositional departure. Jones's attorney argued that Jones should receive a departure because he had no prior criminal record, had a history of being victimized, had no disciplinary problems while incarcerated awaiting disposition of the matter, participated in a large number of programs, was involved with the ministry, was involved in AA, and sought programming for alcohol and chemical-dependency issues. But the district court stated:

> [T]he statute [Minn. Stat. § 609.342, subd. 1(a)] under which [Jones] entered his plea of guilty . . . [provides] that unless a longer mandatory minimum sentence is otherwise required by law or the sentencing guidelines provide for a longer presumptive executed sentence, the [c]ourt shall presume that an executed sentence of 144 months must be imposed . . . . So the [c]ourt, in reviewing that statute, would indicate that to mean that the [c]ourt is to impose . . . the 144 months.

The district court sentenced Jones to 144 months in prison. This appeal follows.

## D E C I S I O N

### *Psychosexual evaluation*

Jones first argues that the district court failed to either ensure that he completed a psychosexual evaluation or waive the evaluation requirement.

> When a person is convicted of a sex offense, the court shall order an independent professional assessment of the offender's need for sex offender treatment to be completed before sentencing. The court may waive the assessment if:

4

> (1) the Sentencing Guidelines provide a presumptive prison sentence for the offender, or (2) an adequate assessment was conducted prior to the conviction.

Minn. Stat. § 609.3457, subd. 1 (2012). Jones claims that the district court failed to explicitly waive the assessment. Statutory interpretation is a question of law, which an appellate court reviews de novo. *State v. Jones*, 848 N.W.2d 528, 535 (Minn. 2014).

There is nothing in the statute prescribing the manner in which a district court waives an assessment. Likewise, there is nothing in the statute requiring the district court to make findings that support its waiver of the assessment requirement. Jones cites no caselaw instructing on the manner in which a district court may waive the assessment requirement. And there is no requirement that an assessment be done prior to sentencing when the guidelines provide for a presumptive prison sentence.

The statute provides only that the district court may waive the assessment if the guidelines provide a presumptive prison sentence. Jones's presumptive sentence was 144 months in prison. The PSI noted that Jones will be offered a psychosexual evaluation and sex-offender treatment while incarcerated. The district court implicitly waived the assessment requirement when it imposed the prison sentence.

Jones claims that the psychosexual evaluation was necessary to determine whether he was amenable to probation. But the PSI indicated that he was not amenable to probation. Additionally, Jones was aware that court services was unwilling to do a psychosexual evaluation when the presumptive sentence was a prison sentence. Jones knew that a psychosexual evaluation was not completed and there was nothing preventing him from obtaining his own. *See State v. Engebretson*, No. A14-0717, 2015 WL 46520,

at *1 (Minn. App. Jan. 5, 2015) (stating that the defendant who moved for a downward dispositional departure presented the results of a psychosexual evaluation, which was performed by an evaluator from a consulting group at the request of his attorney), *review denied* (Minn. Mar. 17, 2015). Because the statute does not mandate the manner in which a district court is to waive a psychosexual assessment, the district court did not err.

***Sentence***

Jones also argues that the district court abused its discretion by imposing the presumptive sentence because it did so after misconstruing a statute's penalty provision.

A district court must impose the presumptive sentence unless the case involves "identifiable, substantial, and compelling circumstances" that warrant a departure. Minn. Sent. Guidelines 2.D.1 (2012). Substantial and compelling circumstances are those which "make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). The decision to depart from the presumptive sentence is within the district court's discretion and an appellate court will not reverse absent a clear abuse of that discretion. *State v. Stanke*, 764 N.W.2d 824, 827 (Minn. 2009). Only a "rare case" warrants reversal of the district court's decision to decline to depart. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

In imposing the presumptive 144-month prison sentence, the district court relied on Minn. Stat. § 609.342, subd. 2(b) (2012):

> Unless a longer mandatory minimum sentence is otherwise required by law or the Sentencing Guidelines provide for a longer presumptive executed sentence, the court shall presume that an executed sentence of 144 months must be imposed on an offender convicted of violating this section.

6

> Sentencing a person in a manner other than that described in this paragraph is a departure from the Sentencing Guidelines.

Jones claims that the district court "misconstrued" the statute by concluding that it was "bound" to impose the presumptive sentence.

The district court stated that the statute indicated that it "is to impose . . . the 144 months." A district court must impose the presumptive sentence unless "identifiable, substantial, and compelling circumstances" warrant a departure. Minn. Sent. Guidelines 2.D.1. Thus, the district court was correct. Further, the district court is not required to explain its reasons for imposing a presumptive sentence. *State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985).

Jones claims that the district court should have granted a departure. However, Jones did not even move for a departure. At sentencing, Jones's attorney conceded that he did not move for a downward departure because he could not make an argument to support a departure without a psychosexual evaluation.

Jones and his attorney made arguments at sentencing that allegedly supported a downward departure, including that Jones had no criminal record, had a history of being victimized, was traumatized by his uncle's death prior to the offense, was under the influence and sleep deprived when he committed the offense, had no disciplinary problems while incarcerated, participated in programs and received certificates, and has community support. But the district court was also aware that Jones had another criminal-sexual-conduct case involving another victim that was dismissed as part of the plea agreement. And the PSI indicted that (1) Jones was not particularly amenable to

7

probation, (2) there were no compelling or substantial circumstances distinguishing Jones from other offenders, (3) Jones should not be considered for a downward departure, and (4) Jones presents a high risk for recidivism. The district court did not abuse its discretion by imposing the presumptive sentence.

**Affirmed.**